**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

TREVINO E. ROGERS,                                    Civil Action No. _____

        Plaintiff,

        v.

CURBS PLUS, INC.,
NICK WABER, and
JOHN E. DANNEL,

        Defendants.                                    JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Trevino E. Rogers, by undersigned counsel, files this Complaint, and in support thereof, avers as follows:

### I.      Jurisdiction

1.      The jurisdiction of this Court is invoked pursuant to Section 1 of the Civil Rights Act of 1866, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991 and 28 U.S.0 §§1343(a)(3) and (a)(4) and 1331 and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

### II.      Venue

2.      Venue is proper in the Middle District of Pennsylvania, in that this action arises out of events that occurred in Huntingdon County.

### III.      Administrative Exhaustion

3.      Rogers has satisfied all procedural and administrative requirements set forth in 42 U.S.C. § 2000e-5, as amended, and 42 U.S.C. §12102, *et seq.* in that:

a.   On or about July 18, 2018, Plaintiff filed a timely charge with the Equal Employment Opportunity Commission (EEOC) alleging race harassment, race discrimination and retaliation.

b.   On or about July 18, 2018, Plaintiff cross-filed his claims of race harassment, discrimination and retaliation with the Pennsylvania Human Relations Commission (PHRC).

c.   On September 22, 2020, the EEOC issued a probable cause finding that Defendant Curbs Plus Inc. engaged in unlawful race harassment, race discrimination and retaliation.   (See EEOC Letter of Determination, attached as Exhibit A).

d.   Plaintiff received a Dismissal and Notice of Rights dated November 23, 2020.

e.   This case was filed within 90 days of Plaintiff's receipt of the Dismissal and Notice of Rights.

f.   More than one year has lapsed since the date Plaintiff filed his PHRC complaint.

## IV.   Parties

4.   Plaintiff, Trevino E. Rogers, is an individual who resides in Brevard County, Florida.

5.   Defendant, Curbs Plus, Inc. ("Defendant Curbs Plus") has its corporate office located at 8767 GA Highway 151, Ringgold, GA 30736.

6.   Defendant, Nick Waber ("Defendant Waber"), is an adult individual residing in Ringgold, Catoosa County, Georgia.

7.   Defendant, John E. Dannel ("Defendant Dannel"), is an adult individual residing in Mount Union, Huntingdon County, Pennsylvania.

8.   At all times relevant hereto, Defendant Curbs Plus was an employer within the meaning of 42 U.S.C. § 2000e(b), in that it is engaged in an industry affecting

2

interstate commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

9.      At all times relevant hereto, Defendant Curbs Plus acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

## V.      Factual Background

10.      Rogers is African American.

11.      Rogers started working for Defendant Curbs Plus on January 24, 2018 and held a position in the Shipping Department.

12.      Throughout his employment, Rogers was subjected to a racially hostile work environment as a result of the following Caucasian individuals who made the following racial comments on a regular basis:

   a.      Defendant Dannel (Plant Manager) saying:
   - "I'm not firing any blacks because of [Rogers'] lawsuit";
   - "I'm getting rid of the nigger [Rogers]";
   - "Nigger [Rogers] thinks he's gonna get money, but he will lose [his lawsuit]"; and
   - This is the good old Georgia White Boys Club.

   b.      Mikey Ryan (supervisor) saying:
   - "good old Georgia White Boys Club";
   - "John [Defendant Dannel] doesn't like blacks"; and
   - "John [Defendant Dannel] won't take a black man's [Rogers] side over a white man's side".

   c.      Cameron Dannel (machine operator and Defendant Dannel's son) saying:
   - "Niggers, you won't be working here anymore";
   - "White power";
   - "That nigger will never win the lawsuit";
   - "I'm glad the fucking nigger [Rogers] got fired";
   - "I just saw the nigger Rogers and he was scared of me";
   - "Good old Georgia White Boys Club"; and
   - "it's a good thing my dad got rid of that nigger [Rogers]".

Case 1:21-cv-00066-YK   Document 1   Filed 01/12/21   Page 4 of 18

    d.   Michael Ray (machine operator) saying:
         • "niggers";
         • "black men and white women";
         • "There's no place on this Earth for a white woman messing with niggers";
         • "fuck the niggers";
         • "this is the Georgia White Boys Club";
         • he hated black and white relationships;
         • he hated "half-breed" children;
         • he hated "white women that messed with black men"; "blacks don't do anything"; and
         • "that nigger [Rogers] won't win his lawsuit".

    e.   Michael Murphy (then-shipping employee), who has Ku Klux Klan tattoos, saying:
         • "A white woman is white trash if she has a baby to a black man. She should be dead";
         • "The white man rules the word. A black man should not have a place on the face of this Earth";
         • "niggers";
         • "niggers don't run anything. They are the scum of the Earth";
         • He does not like "niggers";
         • "Any white woman who would have a baby to a black man should be dead"; and
         • "this is the Georgia White Boys Club".

    f.   Lee White (machine operator) saying:
         • "Fuck you nigger. You know this is the Georgia good old White Boys Club";
         • "you [Rogers] could get smoked by my family of rednecks";
         • "nigger [Rogers], it is what it is – you'll find out soon [about your termination]";
         • "The race card was played; you're black; I'm white; John [Defendant Dannel] said he was not going to fire a white over a nigger [Rogers]"; and
         • "I got to collect unemployment compensation [even though I refused to work] because I'm white".

    13.   On March 19, 2018, Defendant Dannel told Rogers soon after he reported to work, "This is the good old Georgia white boys club.  You're terminated" and accused Rogers of touting himself as a gangster, which Rogers denied.

4

14.     Rogers told Defendant Dannel that that he was discriminating against him because of his race.

15.     Defendant Dannel ordered Rogers to leave the worksite immediately.

16.     On April 16, 2018, Rogers spoke to Defendant Waber, Human Resources Director and corporate Secretary, and they discussed Rogers' concerns of race discrimination, including the following:

- Rogers told Defendant Waber that Defendant Dannel fired him because of his race and told Defendant Waber about Defendant Dannel's racial comment of "good old Georgia white boys club";

- Rogers also informed Defendant Waber that certain Caucasian employees arrive late regularly at work without any repercussions and that a particular Caucasian employee has appeared at work in an intoxicated or high state;

- Defendant Waber admitted to Rogers that Defendant Dannel told Defendant Waber that a particular Caucasian employee, who is refusing to do any work, and was requesting that Defendant Curbs Plus approve him to receive unemployment compensation benefits;

- In response, Rogers told Defendant Waber that there was a lot of racist actions happening at his work location;

- Defendant Waber also informed Rogers that he reviewed Rogers' personnel file and found a document that stated Defendant fired Rogers because he was on the phone too much on March 19, 2018; a reason that was never communicated to Rogers at any time;

- Defendant Waber asked Rogers if he had retained an attorney; Rogers replied that he was searching for one;

- Before the end of the call, Rogers made it clear to Defendant Waber that Defendant Dannel had engaged in race discrimination against him;

- Defendant Waber concluded the call by telling Rogers that he was an excellent worker, Defendant Waber was going to investigate the matter and Defendant Waber wanted to save Rogers' job;

- Defendant Waber told Rogers that he was an owner of Defendant Curbs Plus;

- Defendant Waber confirmed that Rogers was the only employee terminated and admitted that Defendant Dannel failed to follow proper protocol when terminating Rogers; and

- Defendant Waber called Rogers and offered to return him to work, but only if Defendant Dannel agreed to let him do so.

17.    On April 18, 2018, Defendant Waber called Rogers and informed him that

Defendant Dannel did not agree to return Rogers to work and that his termination stood.

- Rogers asked Defendant Waber how he could let Defendant Dannel make the decision when Defendant Dannel was engaging in racist conduct at work;

- Rogers told Defendant Waber that he was condoning the illegal conduct about which Rogers was complaining;

- Defendant Waber confirmed that he was complying with Defendant Dannel's refusal to return Rogers to work;

- Defendant Waber asked Rogers again if he retained an attorney yet;

- Rogers replied that he was still searching for one but planned to file a complaint against the company because Defendant Waber was not addressing Rogers' concerns of racism at work;

- Defendant Waber became very angry and told Rogers "we have plenty of complaints in Georgia and nothing has happened, so file your complaint."

6

18.     On May 7, 2018, Rogers caused his counsel to send a letter to Defendant Waber explaining how Defendant Curbs Plus engaged in racial discrimination against him.

19.     Defendants did not change their decision of refusing to re-hire Rogers.

20.     In late June 2018, Rogers became aware that Defendant Curbs Plus refused to confirm his employment in response to a request by at least one potential employer with whom he had applied for a job, thereby causing Rogers to lose at least one employment opportunity.

21.     In 2019, the Pennsylvania State Police investigated the Huntingdon plant when it was reported that the words "White Power" and "KKK rules" were spray painted in the company employees' bathroom allegedly by one of Defendant Curbs Plus' Caucasian employees.

## Count I – Race Harassment – Title VII
## Rogers v. Defendant Curbs Plus

22.     Plaintiff incorporates by reference the allegations in Paragraphs 1 to 21 as if fully restated herein.

23.     Defendant's actions directed to Rogers created a racially hostile work environment.

24.     The racial harassment of Rogers was intentional and was undertaken by Defendant because of Rogers' race.

25.     The racial harassment of Rogers was severe or pervasive in that he was repeatedly subjected to offensive, hostile and derogatory work conditions because of his race.

26.     The racial harassment, through Defendant's agents, servants, and

employees, detrimentally affected Rogers.

27.     Defendant's actions, through its agents and servants, as set forth above, would detrimentally affect reasonable African Americans in Rogers' position.

28.     Defendant either knew or should have known of the existence of a racially hostile environment.

29.     Despite such knowledge, Defendant failed to take prompt and adequate remedial action to prevent and to stop the conduct.

30.     Defendant's actions affected Rogers in the terms and conditions of his employment because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

31.     Defendant acted intentionally and in reckless indifference to Rogers' federally protected right to not be subjected to unwelcome and unwanted conduct of a racial nature.

32.     As a direct and proximate result of Defendant's illegal harassment, Rogers suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits, loss of reputation and lost career opportunities.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

     a.    That Defendant be ordered to reinstate Rogers into the position he occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

     b.    That Defendant be required to compensate Rogers for the full value of wages he would have received had it

not been for Defendant's illegal treatment of Rogers, with interest until the date Rogers is offered employment into a position substantially equivalent to the one which Rogers occupied on March 19, 2018;

c.      That Defendant be required to provide Rogers with front pay if the Court determines reinstatement is not feasible;

d.      That Defendant be required to compensate Rogers for lost benefits, including profit sharing and/or pension benefits until Rogers' normal retirement date;

e.      That Rogers be awarded compensatory damages in an amount to be determined at trial;

f.      That Rogers be awarded punitive damages in an amount to be determined at trial;

g.      That Defendant be enjoined from discriminating or retaliating against Rogers in any manner prohibited by Title VII;

h.      That Rogers be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee;

i.      That Rogers be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II - Race Discrimination – Title VII
## Rogers v. Defendant Curbs Plus

33.     Plaintiff incorporates by reference the allegations in Paragraphs 1 to 32 as if fully restated herein.

34.     Defendant terminated and refused to re-hire Rogers because of his race, African American, in violation of Title VII of the Civil Rights Act of 1944, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991.

35.     Defendant's actions were taken with malice or reckless indifference to Plaintiff's federally protected rights.

36.     As a direct and proximate result of Defendant's illegal discrimination, Rogers suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits, loss of reputation and lost career opportunities.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

a.      That Defendant be ordered to reinstate Rogers into the position he occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.      That Defendant be required to compensate Rogers for the full value of wages he would have received had it not been for Defendant's illegal treatment of Rogers, with interest until the date Rogers is offered employment into a position substantially equivalent to the one which Rogers occupied on March 19, 2018;

c.      That Defendant be required to provide Rogers with front pay if the Court determines reinstatement is not feasible;

d.      That Defendant be required to compensate Rogers for lost benefits, including profit sharing and/or pension benefits until Rogers's normal retirement date;

e.      That Rogers be awarded compensatory damages in an amount to be determined at trial;

f.      That Rogers be awarded punitive damages in an amount to be determined at trial;

g.      That Defendant be enjoined from discriminating or retaliating against Rogers in any manner prohibited by Title VII;

h.      That Rogers be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee;

i. That Rogers be granted such further legal and equitable relief as the Court may deem just and proper.

## Count III – Race Retaliation – Title VII
## Rogers v. Defendant Curbs Plus

37. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 36, as if fully restated herein.

38. Rogers opposed unwelcome racist comments and conduct, which he in good faith believed was illegal conduct under federal and state anti-discrimination laws.

39. Rogers complained about the unwelcome racial comments and conduct to Defendant Dannel and Defendant Waber.

40. Defendant ignored Rogers' complaints of racial harassment.

41. Defendant terminated Rogers and refused to re-hire him in retaliation for his protected activity.

42. As a direct and proximate result of Defendant's illegal retaliation, Rogers suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits, loss of reputation and lost career opportunities.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

a. That Defendant be ordered to reinstate Rogers into the position he occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Defendant be required to compensate Rogers for the full value of wages he would have received had it not been for Defendant's illegal treatment of Rogers,

with interest until the date Rogers is offered employment into a position substantially equivalent to the one which Rogers occupied on March 19, 2018;

c.   That Defendant be required to provide Rogers with front pay if the Court determines reinstatement is not feasible;

d.   That Defendant be required to compensate Rogers for lost benefits, including profit sharing and/or pension benefits until Rogers's normal retirement date;

e.   That Rogers be awarded compensatory damages in an amount to be determined at trial;

f.   That Rogers be awarded punitive damages in an amount to be determined at trial;

g.   That Defendant be enjoined from discriminating or retaliating against Rogers in any manner prohibited by Title VII;

h.   That Rogers be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee;

i.   That Rogers be granted such further legal and equitable relief as the Court may deem just and proper.

### Count IV – 42 U.S.C. § 1981
### Rogers v. Defendant Curbs Plus

43.   Plaintiff incorporates by reference the allegations in Paragraphs 1 to 42 as if fully restated herein.

44.   Defendant Curbs Plus harassed, fired and refused to rehire Rogers because of his race.

45.   Defendant Curbs Plus's actions in firing Rogers because of his race, deprived Rogers of the same right to make and enforce contracts as is enjoyed by white citizens in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

46.     Defendant Curbs Plus's harassment, discharge and refusal to rehire Rogers was undertaken with reckless indifference to Plaintiff's federally protected right to make and enforce contracts irrespective of his race.

47.     As a direct and proximate result of Defendant's illegal treatment, Rogers suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits, loss of reputation and lost career opportunities.

WHEREFORE, Plaintiff demands judgment against Defendant pursuant to 42 U.S.C. § 1981 as follows:

a.      That Defendant be ordered to reinstate Rogers into the position he occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.      That Defendant be required to compensate Rogers for the full value of wages he would have received had it not been for Defendant's illegal treatment of Rogers, with interest until the date Rogers is offered employment into a position substantially equivalent to the one which Rogers occupied on March 19, 2018;

c.      That Defendant be required to provide Rogers with front pay if the Court determines reinstatement is not feasible;

d.      That Defendant be required to compensate Rogers for lost benefits, including profit sharing and/or pension benefits until Rogers's normal retirement date;

e.      That Rogers be awarded compensatory damages in an amount to be determined at trial;

f.      That Rogers be awarded punitive damages in an amount to be determined at trial;

g.      That Defendant be enjoined from discriminating or

retaliating against Rogers in any manner prohibited by Title VII;

h.    That Rogers be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee;

i.    That Rogers be granted such further legal and equitable relief as the Court may deem just and proper.

### Count IV – PHRA
### Rogers v. Defendant Curbs Plus

48.    Plaintiff incorporates by reference the allegations in Paragraphs 1 to 47 as

if fully restated herein.

49.    Defendant's actions of harassing, terminating and refusing to re-employ

Rogers were in violation of the PHRA, 43 Pa. Conns. Stat.Ann. § 955(a) et seq.

50.    As a direct result of Defendant's discriminatory and retaliatory actions,

Rogers has lost wages and other economic benefits of his employment with Defendant,

in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Rogers requests the following:

a.    That Defendant be ordered to reinstate Rogers into the position he occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.    That Defendant be required to compensate Rogers for the full value of wages he would have received had it not been for Defendant's illegal treatment of Rogers, with interest until the date Rogers is offered employment into a position substantially equivalent to the one which Rogers occupied on March 19, 2018;

c.    That Defendant be required to provide Rogers with front pay if the Court determines reinstatement is not feasible;

d.     That Defendant be required to compensate Rogers for lost benefits, including profit sharing and/or pension benefits until Rogers's normal retirement date;

e.     That Rogers be awarded compensatory damages in an amount to be determined at trial;

f.     That Defendant be enjoined from discriminating or retaliating against Rogers in any manner prohibited by Title VII;

g.     That Rogers be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee;

h.     That Rogers be granted such further legal and equitable relief as the Court may deem just and proper.

## Count V - PHRA
## Rogers v. Defendant Waber

51.     Plaintiff incorporates by reference the allegations in Paragraphs 1 to 50 as if fully restated herein.

52.     Defendant Waber's conduct of aiding, abetting, inciting, compelling or coercing the discriminatory practices of Defendant Curbs Plus was in violation of the PHRA, 43 Pa. Cons. Stat. Ann. § 955(e) et seq.

53.     As a direct result of Defendant's discriminatory actions in violation of the PHRA, Rogers has lost wages and other economic benefits of his employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Rogers requests the following:

a.     That Defendant be ordered to reinstate Rogers into the position he occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

15

b.   That Defendant be required to compensate Rogers for the full value of wages he would have received had it not been for Defendant's illegal treatment of Rogers, with interest until the date Rogers is offered employment into a position substantially equivalent to the one which Rogers occupied on March 19, 2018;

c.   That Defendant be required to provide Rogers with front pay if the Court determines reinstatement is not feasible;

d.   That Defendant be required to compensate Rogers for lost benefits, including profit sharing and/or pension benefits until Rogers's normal retirement date;

e.   That Rogers be awarded compensatory damages in an amount to be determined at trial;

f.   That Defendant be enjoined from discriminating or retaliating against Rogers in any manner prohibited by Title VII;

g.   That Rogers be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee;

h.   That Rogers be granted such further legal and equitable relief as the Court may deem just and proper.

## Count VI – PHRA
## Rogers v. Defendant Dannel

54.   Plaintiff incorporates by reference the allegations in Paragraphs 1 to 53 as if fully restated herein.

55.   Defendant Waber's conduct of aiding, abetting, inciting, compelling or coercing the discriminatory practices of Defendant Curbs Plus was in violation of the PHRA, 43 Pa. Cons. Stat. Ann. § 955(e) et seq.

56.   As a direct result of Defendant's discriminatory actions in violation of the PHRA, Rogers has lost wages and other economic benefits of his employment with

Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Rogers requests the following:

a.  That Defendant be ordered to reinstate Rogers into the position he occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.  That Defendant be required to compensate Rogers for the full value of wages he would have received had it not been for Defendant's illegal treatment of Rogers, with interest until the date Rogers is offered employment into a position substantially equivalent to the one which Rogers occupied on March 19, 2018;

c.  That Defendant be required to provide Rogers with front pay if the Court determines reinstatement is not feasible;

d.  That Defendant be required to compensate Rogers for lost benefits, including profit sharing and/or pension benefits until Rogers's normal retirement date;

e.  That Rogers be awarded compensatory damages in an amount to be determined at trial;

f.  That Defendant be enjoined from discriminating or retaliating against Rogers in any manner prohibited by Title VII;

g.  That Rogers be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee;

h.  That Rogers be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted:

Colleen Ramage Johnston
PA I.D. No. 64413

Nikki Velisaris Lykos
PA I.D. No. 204813

Johnston Lykos, LLC
525 William Penn Place
28th Floor
Pittsburgh, PA  15219
(412) 325-7700

Attorneys for Plaintiff
Trevino E. Rogers